MADISON REALTY COMPANY, Respondent, *v.* MANUEL WEISS and ISIDOR WEISS, Appellants.

Supreme Court, Appellate Term, First Department, December 21, 1928.

*Samuel Weiss*, for the appellants.

*Masten & Nichols* [*Hastings S. Morse* of counsel], for the respondent.

BIJUR, J.  So far as material the facts are that on July 12, 1922, plaintiff leased part of certain premises to defendants for a term ending January 31, 1928.  Defendants simultaneously deposited with the landlord $1,500 as security for the tenants' faithful performance of all the covenants and conditions of the lease.  Upon this sum the landlord agreed to pay four per cent interest if the tenants duly performed.  In June, 1925, plaintiff made a lease of the entire building to 48–54 East Thirty-fourth Street Corporation for twenty-one years.  On July seventeenth the landlord notified

defendants that it had paid over to the Thirty-fourth Street Corporation the defendants' deposit of $1,500. Defendants paid rent to the East Thirty-fourth Street Corporation until August 31, 1927, when a receiver was appointed for that corporation, and for September and October they paid rent to the receiver. During October the East Thirty-fourth Street Corporation was dispossessed by plaintiff for non-payment of rent. The November rent was paid to the plaintiff, but the December, 1927, and January, 1928, rent was not paid and this action is brought for its recovery.

I find no error in the rulings in reference to an alleged reduction of rent which we agree with respondent was effective only so far as it was executed by payments of a less sum accepted. The learned judge below, however, dismissed defendants' counterclaim for the $1,500 " deposit." This appears to have been on the theory that since plaintiff conformed to the requirements of section 1302-a of the Penal Law it was discharged from further liability in reference to the security. With this conclusion I disagree for the following reasons:

*First.* The section refers only to an owner or lessee who fails to give notice to his tenant " on conveying such property or assigning his lease to another." As neither of these conditions occurred in the instant case the statute does not apply.

*Second.* There is no provision in the section discharging the landlord from any obligation. It provides merely that in case of failure on the part of the landlord to give notice to the tenant of a transfer of the " deposit " to the new owner or assignee of the lease he shall be presumed to have committed a misdemeanor.

In my view, therefore, the statute is wholly inapplicable. Apart from the statute, it is evident that if the plaintiff became the mere debtor of the defendants in respect of the $1,500 it could not relieve itself of its obligation by an assignment either of the deposit or of its obligation. If it be possible to construe the relation of the plaintiff to the defendants as that of a trustee or *quasi* trustee of this fund, it seems to be clear that the trustee could not absolve himself of his duties and obligations by a mere notice to the *cestui que trust* that it had transferred the trust fund to another. Nor do I think that upon receipt of such notice defendants were under any obligation to protest against the transfer on penalty of losing their rights against the trustee. The cases cited by the respondent of ratification or estoppel by acquiescence in the case of principal and agent, or stockholders and their corporations, as for example *Cairnes* v. *Bleecker* (12 Johns. 300) and *Giles D. M. Co.* v. *Klauder-Weldon D. M. Co.* (233 N. Y. 470), are quite beside the point. There is also a marked difference between a notice to a

party interested that the other party intends to do something, and a notice that it has done something. Moreover, if the law would permit a ratification to be spelled out of an acquiescence, the latter would become a question of fact under the circumstances in evidence in the present case. The ruling thereon as matter of law, therefore, was in any event error.

Judgment reversed and a new trial ordered, with costs to appellants to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.